1  MICHAEL J. HADDAD (State Bar No. 189114)
   JULIA SHERWIN (State Bar No. 189268)
2  HADDAD & SHERWIN
   505 Seventeenth Street
3  Oakland, California 94612
   Telephone: (510) 452-5500
4  Fax: (510) 452-5510
5
   Attorneys for Plaintiffs
6
7                    UNITED STATES DISTRICT COURT
8                   NORTHERN DISTRICT OF CALIFORNIA
9
10 GARY KING, JR., DECEASED,              )
   THROUGH HIS SUCCESSOR IN               )   No: C08-02394 SBA
11 INTEREST ASHANTE SIMPSON ON            )
   BEHALF OF BABY KING; GARY              )   Hon. Saundra B. Armstrong
12 KING, SR., Individually; CATHERINE     )
   KING, Individually; and ASHANTE        )   **FIRST AMENDED COMPLAINT FOR
13 SIMPSON as Next Friend on behalf of    )   DAMAGES, DECLARATORY AND
   BABY KING, Individually,               )   INJUNCTIVE RELIEF, AND DEMAND
14                                        )   FOR JURY TRIAL**
15         Plaintiffs,                    )
   vs.                                    )
16                                        )
                                          )
17 CITY OF OAKLAND, a public entity,      )
   POLICE SERGEANT PATRICK                )
18 GONZALES, Individually, CHIEF OF       )
   POLICE WAYNE TUCKER,                   )
19 individually and in his official capacity, )
   and DOES 1 through 10, Jointly and     )
20 Severally,                             )
                                          )
21         Defendants.                    )
                                          )
22                                        )
                                          )
23
24
25
26
27
28

No: C08-02394 SBA : FIRST AMENDED COMPLAINT AND JURY DEMAND                    1

Plaintiffs, by and through their attorneys, HADDAD & SHERWIN, for their First Amended Complaint against Defendants, state as follows:

## JURISDICTION

1. This is a civil rights wrongful death/survival action arising from Defendants' wrongful shooting, unreasonable seizure and use of excessive force against Gary King, Jr., Deceased, on September 20, 2007, in the City of Oakland, Alameda County, California. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events and/or omissions complained of herein occurred in the City of Oakland, Alameda County, California, and this action is properly assigned to the Oakland or San Francisco Division of the United States District Court for the Northern District of California.

## PARTIES AND PROCEDURE

3. Plaintiff Gary King, Sr., is the father of decedent, Gary King, Jr. and a resident of the State of California. Plaintiff Gary King, Sr., brings these claims individually.

4. Plaintiff Catherine King, is the mother of decedent, Gary King, Jr. and a resident of the State of California. Plaintiff Catherine King, brings these claims individually.

5. Plaintiff Ashante Simpson is the mother of decedent Gary King, Jr.'s only daughter, whose initials are G.A.S.K., born May 31, 2008, and referred to herein pursuant to Civil Local Rule 3-17 as "Baby King" to protect this minor's privacy. Ashante Simpson and Baby King are residents of the State of California. Plaintiff Ashante Simpson brings these claims pursuant to FRCivP 17(c) as Next Friend for her child Baby King, and in that capacity Ashante Simpson brings these claims individually for Baby King and as successor in interest for the Estate of Gary King, Jr., Deceased.

6. Each Plaintiff herein brings these claims pursuant to California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq. which provide for survival and wrongful death actions. These claims are also brought individually and on behalf of Gary King, Jr., Deceased, on the basis of the 42 USC §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

7. Defendant City of Oakland is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Oakland Police Department ("OPD") which employs other defendants in this action.

8. Defendant Police Sergeant Patrick Gonzales ("Gonzales") at all material times was employed as a law enforcement officer by Defendant City of Oakland, and was acting within the course and scope of that employment. Defendant Gonzales is being sued in his individual capacity.

9. Defendant Chief of Police Wayne Tucker ("Tucker") at all material times was employed as Chief of Police by Defendant City of Oakland, and was acting within the course and scope of that employment. As Chief of Police, Defendant Tucker was a policy-making official for the City of Oakland with the power to make official and final policy for

the Oakland Police Department. Defendant Tucker is being sued in his individual and official capacities.

10. Defendants have not provided Plaintiffs or their representatives with information concerning this shooting, including any police reports or records of any investigation. Further, on information and belief, Defendants caused the Alameda County Coroner's Bureau to withhold coroner's records and reports, including the autopsy report, from Plaintiffs and their representatives. The true names and capacities of Defendants sued herein as DOES 1-10 ("DOE defendants") are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of the City of Oakland, and at all material times acted within the course and scope of that relationship.

11. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

12. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or

authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

13. The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the Oakland Police Department.

14. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

15. Each Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

16. This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

## **GENERAL ALLEGATIONS**

17. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

18. This Complaint concerns an extremely tragic incident which began in the late afternoon in the City of Oakland at approximately 54th Street and Martin Luther King Way. Gary King, Jr., went to a convenience store at that location with some friends to buy some snacks. When Gary King, Jr., came out of the store, he was approached and accosted by Defendant Gonzales. Without provocation or just cause, Defendant Gonzalez started grabbing Gary King, Jr., then proceeded to punch and batter Gary King, Jr., who was apparently trying to shield himself from Defendant's blows. Gary King, Jr., did not fight back. Defendant Gonzales grabbed Gary King, Jr.'s, dreadlocks, pulling several from his

scalp. Defendant Gonzales continued punching Gary King, Jr., and Defendant pulled Gary King, Jr.'s, hooded sweatshirt over his head. Still without provocation or just cause, Defendant Gonzales Tasered Gary King, Jr., multiple times, on information and belief, leaving severe burn marks on his body. Gary King, Jr., was yelling, "help."

19.  After several minutes of assault as described above, Gary King, Jr., managed to break away from Defendant Gonzales and began to proceed across MLK Way. At that point, without any objective threat posed by Gary King, Jr., Defendant Gonzales drew his gun, squared off, and fired a number of shots at Gary King, Jr., hitting him in his back. Plaintiff had nothing in his hands at the time he was shot and fell in the street. Defendant Gonzales handcuffed Gary King, Jr. as he lay mortally wounded, then stood over him, pointing his gun at him. Several minutes later, after extreme conscious pain and suffering, Gary King, Jr., age 20, beloved son, father-to-be, died in the street. Gary King, Jr., was an African-American man. He had committed no crime.

20.  Defendant Gonzales failed to give any warning to Gary King, Jr., before using deadly force, even though a warning would have been feasible and proper.

21.  At the time that Defendant Gonzales fired gunshots at Gary King, Jr., Gary King, Jr., did not pose a significant and immediate threat of death or serious physical injury to Defendant or to anyone else.

22.  At all material times, Gary King, Jr., behaved lawfully and peacefully. The use of deadly force, including the gunshots described herein, was not justified or lawful under the circumstances.

23.  Alternatively, or concurrently, Defendant Gonzales' own excessive and unreasonable actions created a risk of harm to Gary King, Jr., created the situation in

which Defendant Gonzales decided to use deadly force, and caused an escalation of events leading to the shooting death of Gary King, Jr.

24. Defendant Gonzales' conduct herein, including but not limited to his decision(s) to stop and seize Gary King, Jr., the manner in which he conducted that stop and seizure, his use of force including Taser, his use of deadly force, and his other conduct, was contrary to generally accepted, reasonable police procedures and tactics, and caused the wrongful death of Gary King, Jr.

25. This incident was at least the third time that Defendant Gonzales had shot a person with his firearm. On information and belief, prior to this incident, Defendant Gonzales had had several complaints of excessive force made against him, which the OPD had failed to appropriately investigate or handle.

26. At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

27. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

    a. Wrongful death of Gary King, Jr.;

    b. Hospital and medical expenses;

    c. Coroner's fees, funeral and burial expenses;

    d. Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

    e. Loss of economic support;

     f.     Violation of constitutional rights;

     g.     All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

     h.     Gary King, Jr.'s loss of life, pursuant to federal civil rights law;

     i.     Gary King, Jr.s conscious pain and suffering, pursuant to federal civil rights law;

## COUNT ONE
## -- 42 USC §1983 --
## ALL PLAINTIFFS AGAINST DEFENDANTS GONZALES AND DOES 1-10

28. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

29. By the actions and omissions described above, Defendants DOES 1-10 violated 42 USC §1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

     a.     The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

     b.     The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

     c.     The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

     d.     The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

     e.     The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and Fourteenth Amendments, and California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.;

      f.    The right to be free from racial profiling as secured by the equal protection clause of the Fourteenth Amendment.

30.    Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of Gary King, Jr.,) and others would be violated by their acts and/or omissions.

31.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 27, above.

32.    The conduct of Defendants Gonzales and DOES 1-10 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and Cal. Code of Civil Procedure § 377.20 et seq.

33.    Plaintiffs are also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and laws.

**COUNT TWO**
**- 42 USC §1983 –**
**ALL PLAINTIFFS AGAINST DEFENDANTS CITY OF OAKLAND, CHIEF OF POLICE WAYNE TUCKER, AND DOES 1-10**

34.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

35.    The unconstitutional actions and/or omissions of Defendants Gonzales and DOES 1-10, as well as other officers employed by or acting on behalf of Defendant City of Oakland, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the OPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for City of Oakland and the OPD:

      a.    To use or tolerate the use of excessive and/or unjustified force;

      b.      To use or tolerate the use of unlawful deadly force;

      c.      To disproportionately subject African-American men, especially in West Oakland, to excessive force and/or deadly force.

      d.      To cover-up violations of constitutional rights by failing to properly investigate and/or evaluate officer involved shootings, by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity, and by allowing, tolerating, and/or encouraging police officers to: file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and obstruct and/or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

      e.      To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

      f.      To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct.

36.    Defendants City of Oakland, Chief Tucker, and Does 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Gonzales and DOE Defendants, and other OPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

37.    The unconstitutional actions and/or omissions of Defendants DOES 1-10, and other OPD personnel, as described above, were approved, tolerated and/or ratified by policy making officers for the OPD. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within City of Oakland and the OPD, and that such policy makers have direct knowledge of the fact that the Gary King, Jr., shooting was not justified, but rather represented an unconstitutional display of unreasonable, excessive and deadly force. Notwithstanding this knowledge, the authorized policy makers within City of Oakland and the OPD have

approved of Defendant Gonzales' shooting of Gary King, Jr., and have made a deliberate choice to endorse Defendant Gonzales' shooting of Gary King, Jr., and the basis for that shooting. By so doing, the authorized policy makers within City of Oakland and the OPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

38. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants City of Oakland, Chief Tucker, and Does 1-10, were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 28, above.

39. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

40. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants City of Oakland, Chief Tucker, and Does 1-10 as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 30-33, above, and punitive damages against Defendants Gonzales, Tucker, and DOES 1-10 in their individual capacities.

**COUNT THREE
-- VIOLATION OF CIVIL CODE §52.1 --
<u>ALL PLAINTIFFS AGAINST ALL DEFENDANTS</u>**

41.   Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

42.   By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiffs' rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c. The right to be free from the unreasonable use of deadly force as secured by the Fourth and Fourteenth Amendments;

    d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

    e. The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship and society with each other, as secured by the First, Fourth and Fourteenth Amendments;

    f. The right to be free from racial profiling as secured by the equal protection clause of the Fourteenth Amendment.

    g. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

    h. The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

      i. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

      j. The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

43. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at ¶¶ 30-33, and punitive damages against Defendant Gonzales, Chief Tucker, and Does 1-10 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, and civil penalties.

**COUNT FOUR**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

44. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

45. At all times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

46. At all times, each Defendant owed Plaintiffs the duty to act with reasonable care.

47. These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

      a. to refrain from using excessive and/or unreasonable force against Gary King, Jr.;

      b. to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

       c.       to refrain from abusing their authority granted them by law;

       d.       to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

48. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants City of Oakland, Chief Tucker, and Does 1-10, include but are not limited to the following specific obligations:

       a.       to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

       b.       to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs'.

       c.       to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 35, above.

49. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

50. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at ¶¶ 30-33, and punitive damages against Defendants Gonzales, Chief Tucker, and Does 1-10 in their individual capacities.

**COUNT FIVE**
**-- ASSAULT AND BATTERY --**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

51. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

52. The actions and omissions of Defendants Gonzales, Does 1-10 and City of Oakland as set forth above constitute assault and battery.

53. As a direct and proximate result of Defendants' assault and battery of Gary King, Jr., Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above at ¶¶ 30-33, and punitive damages against all Defendants in their individual capacities.

**COUNT SIX**
**-- VIOLATION OF CALIFORNIA CIVIL CODE §51.7 --**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

54. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

55. By their acts, omissions, customs, and policies, Defendants Gonzales, Does 1-10, and City of Oakland, acting in concert/conspiracy, as described above, violated Plaintiffs' rights secured by California Civil Code §51.7 to be free from any violence, or intimidation by threat of violence, committed against Gary King, Jr., because of his race.

56. As a direct and proximate result of Defendants' violation of California Civil Code §51.7, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above at ¶¶ 30-33, and all damages allowed by California Civil Code §§52, 51.7, and California law, not limited to attorney fees, costs, treble damages, and civil penalties.

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

    a. compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

    b. punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

  c. all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

  d. Injunctive relief, including but not limited to the following:

    i. an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiffs and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

    ii. an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for stopping and detaining individuals, particularly young African-American men;

    iii. an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

    iv. an order requiring Defendants to train all OPD law enforcement officers concerning generally accepted and proper tactics and procedures for the use of deadly force and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

  e. such other and further relief as this Court may deem appropriate.

DATED: June 18, 2008      HADDAD & SHERWIN


/s/_____
MICHAEL J. HADDAD
Attorneys for Plaintiffs

1 **<u>JURY DEMAND</u>**

2   Plaintiffs hereby request a trial by jury.

3

4
DATED:  June 18, 2008
5
                             HADDAD & SHERWIN
6

7

8                              /s/_____
                             MICHAEL J. HADDAD
9                              Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28