1  JOHN A. RUSSO, City Attorney, SBN 129729
   RANDOLPH W. HALL, Chief Assistant City Atty., SBN 080142
2  WILLIAM E. SIMMONS, Supervising City Atty., SBN 121266
   One Frank H. Ogawa Plaza, 6th Floor
3  Oakland, California  94612
   Telephone:  (510) 238-6520,  Fax:  (510) 238-6500
4  26139:516836

5  Attorneys for Defendants,
   CITY OF OAKLAND, et al.

6

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11

12 | GARY KING, JR., DECEASED, THROUGH | Case No. C 08-02394 SBA
   | HIS SUCCESSOR IN INTEREST ASHANTE |
13 | SIMPSON ON BEHALF OF BABY KING; | **JOINT CASE MANAGEMENT**
   | GARY KING, SR., Individually, CATHERINE | **STATEMENT**
14 | KING, Individually, and ASHANTE |
   | SIMPSON as Next Friend on behalf of |
15 | BABY KING, Individually, |

16 |              Plaintiffs,

17 |        v.

18 | CITY OF OAKLAND, a public entity POLICE
   | SERGEANT PATRICK GONZALES,
19 | Individually, CHIEF OF POLICE WAYNE
   | TUCKER, individually and in his official
20 | capacity, and DOES 1 through 10, Jointly
   | and Severally,
21 |
   |              Defendants.
22

23        The parties to the above-entitled action jointly submit this Case Management

24  Statement and Proposed Order and request the Court to adopt it as its Case Management

25  Order in this case.

26

1      1.    **Jurisdiction and Service:**  Jurisdiction is based on 28 USC §§ 1331 and

2  1343(a)(3) and (4), and the provisions of the United States Constitution upon which

3  Plaintiffs bring claims.  Plaintiffs further invoke the supplemental jurisdiction of this Court

4  pursuant to 28 USC §1367 to hear and decide claims arising under state law..  There are

5  no issues regarding personal jurisdiction, venue or service.

6      2.    **Facts:**      This incident occurred at the intersection of 54th Street and Martin

7  Luther King, Jr. Blvd. in Oakland at 4:45 p.m. on September 20, 2007.  Defendant Gonzales

8  stopped his police car and attempted to contact the decedent, Gary King, Jr. who was

9  walking on the sidewalk.  Some sort of struggle ensued between Gonzales and King.

10  Defendants contend that the initial encounter and fight was captured on videotape by a liquor

11  store parking lot security camera, however that videotape has not yet been made available to

12  Plaintiffs.

13      Gonzales used his Taser on King.  Gonzales and King then separated and Gonzales

14  fired two rounds from his firearm, hitting King with both and causing fatal injuries.   To date,

15  Plaintiffs have not had the opportunity to review any of the police reports or records in this

16  matter, thus not knowing many details of what happened, Plaintiffs' counsel states it not

17  possible at this time to describe all facts which may be in dispute.

18      Based on what is known at this time, the parties dispute the following:

19          •      The circumstances of the initial contact.

20          •      How the interaction began and proceeded.

21          •      Whether King was armed with a revolver in his pants pocket.

22          •      Whether King was trying to retrieve something from his pants pocket

23                   when he was shot.

24          •      Whether King had anything in his hands when he was shot.

25          •      Whether King posed a significant and immediate threat of death or

26                   serious physical injury to the officer or others.

1        &bull;      Whether Gonzalez and OPD officers were reasonably well-trained

2                   concerning the deadly force and other issues in this case.

3        &bull;      Whether the OPD's policies, procedures and training concerning

4                   issues in this case were lawful.

5        &bull;

6        3.    **Legal Issues:**     The parties dispute whether there needed to be or existed,

7    reasonable suspicion and/or probable cause for the initial encounter, whether the non-lethal

8    force used by Gonzales was reasonable, whether the deadly force used by Gonzales was

9    lawful, whether the use of deadly force amounted to "deliberate indifference" such that a 14th

10    Amendment claim might arise and, whether the decedent's parents may make such a claim.

11        4.    **Motions:**     Defendants may make a motion for summary judgment founded

12    on qualified immunity and the 14th Amendment.

13        5.    **Amendment of Pleadings:**Plaintiffs may seek to amend the complaint to add

14    parties and/or claims should a basis for such amendment become apparent after some

15    discovery.

16        6.    **Evidence Preservation:**   Defendants' counsel has directed the Oakland

17    Police Department to preserve the physical and documentary evidence related to this

18    incident.

19        7.    **Disclosures:**     Per the Court's order, the parties will make disclosures on

20    August 28, 2008.

21        8.    **Discovery:**   Plaintiff has propounded document requests to the defendants

22    and has noticed the deposition of Defendant Gonzales.

23    Discovery plan: The parties propose the following:

24        &bull;   they be required to make supplemental disclosures per the rules;

25        &bull;   voluminous documents be bates numbers;

26        &bull;   that depositions of percipient and other fact witnesses (possibly numbering

twenty to thirty) be completed by May 2009.

- 

- that Internal Affairs complaints and personnel records regarding Defendant Gonzales, as well as other information subject to claims of privilege (not including attorney-client privilege) be produced pursuant to a stipulated protective order.

9.    **Class Actions:**    Not applicable.

10.   **Related Cases:**    Not applicable.

11.   **Relief:** Decedent's recently born daughter seeks all damages available for wrongful death, survival, and civil rights claims allowed by Cal. Code of Civil Procedure §§ 377.20 et seq., 377.60 et seq., and federal civil rights law.  Decedents parents seek all damages available for civil rights claims under federal civil rights law.  Plaintiffs also seek declaratory and injunctive relief related to Defendants' policies, procedures, and training.

12.   **Settlement and ADR:**    Settlement discussions would not be worthwhile until initial disclosure information is reviewed and key witness depositions are taken.  The parties propose an eventual settlement conference before a Magistrate Judge.

13.   **Consent to Magistrate Judge For All Purposes:**    No.

14.   **Other References:**    Not suitable.

15.   **Narrowing of Issues:**    Defendants request that <u>Monell</u> issues be bifurcated.  Plaintiffs object to this request, and further object that such request is premature.

16.   **Expedited Schedule:**    Not applicable given the number of witnesses and complexity of factual issues.

17.   **Scheduling:**

- Fact discovery cut-off: June 12, 2009

- Expert designations: June 26, 2009

- Last day for hearing dispositive motions: July 17, 2009

1             •   Pre-trial conference: October 22,  2009

2             •   Trial: November 9, 2009.

3     18.    **Trial:**       Jury trial expected to take 10-12 days.

4     19.    **Disclosure of Non-party Interested Entities or Persons:**    None filed.

5

6 DATED:  August  25, 2008

7                           JOHN A. RUSSO, City Attorney
                          RANDOLPH W. HALL, Chief Assistant City Attorney

8                           WILLIAM E. SIMMONS, Supervising Trial Attorney

9                 By: _/s/ William E. Simmons_____
                Attorneys for Defendants,

10                CITY OF OAKLAND, et al.

11

12 DATED:  August  ___, 2008

13                           MICHAEL J. HADDAD

14                           JULIA SHERWIN
                          HADDAD & SHERWIN

15

16                 By: _/s/ Michael J. Haddad_____
                Attorneys for Plaintiffs,

17                GARY KING, JR., et al.

18

19

20

21

22

23

24

25

26